IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROMELLO S. BLAND,

    Petitioner,

v.

    Case No. 3:22-CV-02074-NJR

UNITED STATES OF AMERICA,

    Respondent.

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on Petitioner Romello S. Bland's Motion for Leave to Appeal *in forma pauperis* ("IFP") (Doc. 17). On May 7, 2025, the undersigned denied Bland's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Section 2255"). (Doc. 14). Bland now seeks leave to appeal the denial of his Section 2255 motion without full pre-payment of the appellate filing fee.

    A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). *See also Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2000). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker*, 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). Bad faith, on the other hand, means that a party has appealed on a frivolous theory, one that "no reasonable person could suppose to have any merit." *Lee*, 209 F.3d at 1026. The motion to proceed IFP must also be supported by an affidavit that: (1) shows the party's inability to pay or

to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See* FED. R. APP. P. 24(a)(1).

A review of Bland's motion and supporting documents confirms he is indigent, as he is incarcerated and has no assets. (Docs. 17, 24). A review of his inmate trust account statement shows a balance of $74.01. (Doc. 24 at p. 5). He earns approximately $75 per month through his employment in prison and receives "occasional[]" financial assistance from family and friends. (*Id.* at p. 2). The Court is thus satisfied that Bland does not have the financial means to cover the costs of an appeal. The remaining issue, then, is whether his appeal is not clearly frivolous.

The Seventh Circuit has explained that the good faith standard governing motions for IFP on appeal is less demanding than the standard for issuance of a certificate of appealability. *Walker*, 216 F.3d at 631-32. To be entitled to a certificate of appealability, the applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005). To proceed IFP, however, an appellant must merely show that the appeal is taken in good faith, *i.e.*, that a reasonable person could suppose the appeal has some merit. *Walker*, 216 F.3d at 632. "Thus, an unsuccessful movant for relief under section 2255 may proceed in forma pauperis on appeal even after a district court has denied issuance of a certificate of appealability." *Jennings v. United States*, 472 F. Supp. 2d 1067, 1070 (S.D. Ill. 2006) (citing *Walker*, 216 F.3d at 631-32).

Here, the Court declined to issue a certificate of appealability when it denied Bland's Section 2255 motion, finding that reasonable jurists would not debate whether Bland had presented a valid constitutional claim. (Doc. 14 at p. 14). Nevertheless, the undersigned believes that Bland has raised his grounds for appeal in good faith. Bland intends to contest his convictions for carrying or use of a firearm during a crime of violence under 18 U.S.C. § 942(c). In his view, his convictions on three counts of carjacking under 18 U.S.C. § 2119 could not serve as predicate offenses for section 942(c) liability because the carjacking convictions were based on his liability as a co-conspirator. *See Pinkerton v. United States*, 328 U.S. 640 (1946). The Court finds that these issues are not clearly frivolous.

Accordingly, the Motion for Leave to Appeal *in forma pauperis* filed by Petitioner Romello S. Bland (Doc. 17) is **GRANTED**.

The Court previously denied a certificate of appealability and finds no reason to disturb that finding now. Thus, Bland's motion for a certificate of appealability (Doc. 18) is **DENIED**. Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Bland may renew his request for a certificate of appealability in the Court of Appeals.

**IT IS SO ORDERED.**

DATED:  June 27, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**